Filed 5/4/22  P. v. Curiel CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN ALONSO CURIEL,<br><br>    Defendant and Appellant. | F081143<br><br>(Super. Ct. No. VCF170009A)<br><br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

On this court's motion, IT IS ORDERED that the opinion filed herein on April 20, 2022, be modified in the following particulars:

1.  On page 9, footnote 9 is deleted, which will require renumbering of all subsequent footnotes.

There is no change in the judgment.

LEVY, Acting P. J.

WE CONCUR:

POOCHIGIAN, J.

DETJEN, J.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JUAN ALONSO CURIEL,<br><br>　　Defendant and Appellant. | F081143<br><br>(Super. Ct. No. VCF170009A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

# INTRODUCTION

In 2008, a jury convicted petitioner Juan Alonso Curiel with one count of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1), one count of shooting at an occupied motor vehicle (§ 246; count 2), and five counts of premeditated attempted murder (§§ 187, subd. (a), 189, 664; counts 3-7). On count 1, the jury found true the special circumstances that petitioner discharged a firearm from a motor vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)) and that petitioner was an active participant in a criminal street gang and committed the murder with an intent to kill (§ 190.2, subd. (a)(22)).[2] For the murder offense, the trial court sentenced petitioner to a term of life in prison without the possibility of parole. For the premeditated attempted murder offenses, the court imposed five concurrent terms of 25 years to life. (*People v. Curiel* (Aug. 11, 2009, F055935) [nonpub. opn.] (*Curiel*).)

In 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to section 1170.95. The court summarily denied the petition at the prima facie stage on the ground petitioner had the intent to kill, a disqualifying factor pursuant to section 1170.95.

On appeal, petitioner contends he had a constitutional right to be present at the resentencing hearing and he did not waive this right. Petitioner further contends his murder conviction was based on the doctrine of transferred intent, which permitted the jury to conclude he lacked an intent to kill. Lastly, petitioner contends that section 1170.95 applies not only to murder convictions, but also to attempted murder convictions and that his attempted murder convictions did not require the jury to find he had an intent to kill.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The jury additionally found true several enhancements, as described below.

During the pendency of this appeal, section 1170.95 was amended to expressly permit resentencing of certain persons convicted of attempted murder. (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021-2022 Reg. Sess.) (Sen. Bill No. 775); Stats. 2021, ch. 551, §§ 1-2.) We therefore agree with petitioner that an individual is eligible for section 1170.95 resentencing relief even if he or she is convicted of attempted murder. However, petitioner did not file a petition for resentencing on his attempted murder convictions in the trial court and therefore we do not address these convictions in this appeal.

We further hold petitioner did not have a constitutional right to be present at the prima facie hearing and, based on the jury's findings, petitioner is ineligible, as a matter of law, for resentencing relief. Accordingly, we affirm the trial court's order denying resentencing relief pursuant to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

We summarize the facts from our nonpublished opinion in petitioner's direct appeal.[4]

"At or about 1:00 a.m. on May 21, 2006, someone fired shots at [petitioner's] green SUV at an intersection in Dinuba, striking his passenger and fellow Sureño Luis Ramirez. [Petitioner] told police some Norteños had come after him. Ramirez told police someone wearing a red shirt had shot him. Sureños often wear blue clothing, and Norteños often wear red clothing.

"On May 27 2006, [Randall] Shaw drove five of his skateboarder friends, none of whom was a gang member, in his pickup to a quinceañera in Sultana where [petitioner] and Sureño Miguel Carisalas, who wore a semiautomatic gun at his waist, were among the guests. After a lot of

---

[3] We grant petitioner's unopposed request for judicial notice of the record on appeal in petitioner's direct appeal. (Evid. Code, § 452.)

[4] We provide these facts for background purposes because they were recited by both parties in their briefing. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

people mad-dogged them, Shaw and his friends – Alexander [B.], Daniel [C.], Henry [C.], Roger [C.], and Joseph [M.] – left.[5] Outside, witnesses heard [Daniel] yell 'Norte' and saw him put four fingers of one hand up – short for '14' (a reference to the 14th letter of the alphabet), which stands for the 'N' in Norteño – before Shaw drove away.  [Petitioner] and Carisalas sped off in [petitioner's] green SUV.

"Two to three miles away from the quinceañera, as Shaw slowed down for a stop sign, gunfire from a green SUV hit his pickup.  Shaw accelerated, but the green SUV followed, and after more gunfire hit his pickup he lost control and crashed.  Shaw died of a gunshot wound to the face and blunt force trauma from the crash.  [Daniel] suffered a fractured skull and a broken ankle from the crash.  Shaw's truck showed seven bullet strikes, all on the left side." (*Curiel*, *supra*, F055935, fns. omitted.)

On September 24, 2007, the Tulare County District Attorney filed a first amended information charging petitioner with the first degree murder of Shaw (§ 187, subd. (a); count 1), with the special circumstances that the petitioner intentionally killed the victim by means of lying in wait (§ 190.2, subd. (a)(15)), that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)), and that petitioner intentionally killed the victim while petitioner was an active participant in a criminal street gang and the murder was carried out to further the activities of the gang (§ 190.2, subd. (a)(22)), and with multiple gang (§§ 186.22, subd. (b)(4), 186.22, subd. (b)(1)(C)) and firearm enhancements (§ 12022.53, subds. (c), (d), (e)(1)); the malicious and willful discharge of a firearm at an occupied motor vehicle (§ 246; count 2) with multiple gang (§§ 186.22, subd. (b)(4), (b)(1)(C), 190.2, subd. (a)(15)) and firearm enhancements (§ 12022.53, subds. (c), (d), (e)(1)); and five counts of premeditated attempted murder (§§ 187, subd. (a), 664; counts 3-7) all with

---

**5** Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names.  No disrespect is intended.

multiple gang (§ 186.22 subd. (b)(4), (b)(1)(C)) and firearm enhancements (§ 12022.53, subds. (c), (d), (e)(1)).[6]

On June 27, 2008, a jury convicted petitioner of first degree murder (§ 187, subd. (a); count 1), malicious and willful discharge of a firearm at an occupied motor vehicle (§ 246; count 2), and five counts of premeditated attempted murder (§§ 187, subd. (a), 664; counts 3-7) and found all enhancements and all but one of the special circumstances true.[7] On August 13, 2008, the trial court sentenced petitioner on count 1 to life without the possibility of parole with a concurrent term of 25 years to life for the firearm enhancement (§ 12022.53, subds. (d), (e)(1)). On count 2, the trial court sentenced petitioner to a term of 25 years to life, stayed pursuant to section 654. As to counts 3 through 7, the trial court sentenced petitioner to five concurrent terms of 25 years to life.

On appeal, this court affirmed. (*Curiel*, *supra*, F055935.)

On May 1, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95. In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He also requested the court appoint counsel during the resentencing process and stated that he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist

---

[6] Carisalas was charged in the same information and with the same substantive offenses and special circumstances, although with slightly different enhancements. The trial court subsequently granted both defense motions to sever. (*Curiel*, *supra*, F055935.)

[7] During trial, the trial court dismissed the special circumstance that petitioner killed the victim by means of lying in wait (§ 190.2, subd. (a)(15)) pursuant to section 1118.

5.

the actual killer in the commission of murder in the first degree; was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony; and that the murder victim was not a peace officer acting in the performance of his or her duties.

On May 24, 2019, the trial court appointed the Tulare County Public Defender to represent petitioner. On July 10, 2019, the Tulare County District Attorney filed a motion to dismiss the petition based on the unconstitutionality of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) and that the jury found petitioner had the intent to kill. Petitioner's counsel did not file a response.

The matter was heard on April 20, 2020. Petitioner's counsel orally waived petitioner's presence at the hearing. The deputy district attorney pointed out that the jury instruction on the special circumstance regarding shooting a firearm from a motor vehicle required the jury to find petitioner aided and abetted in the murder with intent to kill. Accordingly, the deputy district attorney argued petitioner was outside the scope of section 1170.95. The trial court agreed. Petitioner's counsel presented no argument. On that basis, the trial court denied the petition.

A timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a

6.

principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[8]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that

---

[8] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) The record of conviction includes, but is not limited to, jury instructions and verdict forms. (See generally *id.* at p. 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a

reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

## II. Petitioner Did Not Have a Constitutional Right to be Present at the Prima Facie Hearing

Petitioner contends he was denied his federal and state due process rights when the court conducted the prima facie hearing in his absence and without a personal waiver of his right to be personally present.[9] We disagree.

"A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by counsel at all critical stages of the trial. For purposes of the right to be present, a critical stage is 'one in which a defendant's " 'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465 (*Bryant*).)

"Sentencing is considered to be one such critical stage [citations], and, because the trial court has discretion to reconsider the entire sentence on remand, resentencing is another critical stage." (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348; see *People v.*

---

[9] Section 1170.95, subdivision (c) does not presently contain an express hearing requirement.

9.

*Rodriguez* (1998) 17 Cal.4th 253, 257 ["The People . . . do 'not dispute that a defendant has an absolute right to be present at a sentence modification hearing and imposition of sentence.' "]; see also *People v. Simms* (2018) 23 Cal.App.5th 987, 996 [a defendant's right to be personally present "extends to sentencing and resentencing proceedings"].)

Here, the initial section 1170.95 prima facie determination is not a critical stage which would require petitioner's personal presence. It is merely an initial resentencing eligibility determination based on uncontested facts contained within the petition and the record of conviction. The prima facie determination involves a question of law and does not involve the exercise of the court's discretionary sentencing authority. (See *Lewis*, *supra*, 11 Cal.5th at p. 966 [the substantive question at the prima facie stage is whether the petitioner is ineligible for relief as a matter of law]; *People v. Perry* (2006) 38 Cal.4th 302, 312 ["[A] defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding."].) Therefore, there is no possibility petitioner's absence will frustrate the fairness of the proceedings. (See *Bryant*, *supra*, 60 Cal.4th at p. 465; accord, *Perry*, at p. 312.)

Accordingly, petitioner had no constitutional right to be personally present at the prima facie hearing and the trial court did not err in ruling in his absence.

## III. Petitioner is Ineligible for Resentencing on his Murder Conviction

Petitioner contends he was convicted of murder under the doctrine of transferred intent, which he contends is a means of imputing malice to a defendant based solely on his or her participation in a crime.[10] Petitioner therefore argues this theory of murder was eliminated by changes to sections 188 and 189 enacted by Senate Bill No. 1437. We disagree.

---

[10] More specifically, petitioner contends the jury may have found Carisalas intended to kill Daniel, but instead killed Shaw.

"When intent to kill is at issue in murder, it may be proven through the doctrine of transferred intent." (*People v. Vasquez* (2016) 246 Cal.App.4th 1019, 1025.) " 'Under the classic formulation of California's common law doctrine of transferred intent, a defendant who shoots with the intent to kill a certain person and hits a bystander instead is subject to the same criminal liability that would have been imposed had " 'the fatal blow reached the person for whom intended.' " [Citation.] In such a factual setting, the defendant is deemed as culpable as if he had accomplished what he set out to do.' " (*People v. Bland* (2002) 28 Cal.4th 313, 320-321.) Thus, to be convicted of murder under a transferred intent theory, the defendant must possess actual malice.

In contrast, under the imputed malice theories eliminated by Senate Bill No. 1437, a defendant could be convicted of murder without actual malice. Under the former felony-murder rule, a person could be convicted of murder if the person was a participant in the perpetration or attempted perpetration of specified felonies in which a death occurred, whether or not that person harbored actual malice. (Former § 189.) Similarly, under the former natural and probable consequences doctrine, an aider and abettor could be "found guilty not only of the intended crime (the target offense) but also of any other crime the perpetrator actually commits (the nontarget offense) that is a natural and probable consequence of the intended crime." (*Vasquez, supra*, 246 Cal.App.4th at p. 1025; see former § 188.) *People v. Chiu* (2014) 59 Cal.4th 155 made it unlawful for an individual to be convicted of premeditated first degree murder based on the natural and probable consequences doctrine. (*Id*. at pp. 158-159.) This holding was eventually codified and expanded in Senate Bill No. 1437.

These imputed malice theories are not implicated by the doctrine of transferred intent. This is because under the transferred intent doctrine, "the intent required for the crime at issue (here, intent to kill for premeditated murder) was already established with respect to [the intended victim] and was transferred to the ultimate victim." (*Vasquez, supra*, 246 Cal.App.4th at p. 1026.) Therefore, assuming the jury found petitioner guilty

11.

under the doctrine of transferred intent, the jury had to find petitioner had the intent to aid Carisalas in killing Daniel, but that effort resulted in Shaw being killed. The jury made the requisite findings petitioner had the intent to kill irrespective of who in fact was eventually killed. Accordingly, the doctrine of transferred intent does not run afoul of Senate Bill No. 1437 and thus petitioner is ineligible for resentencing relief.

A.    **The Special Circumstance Finding Establishes Petitioner's Resentencing Ineligibility**

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) As *Gentile* articulated, "Senate Bill [No.] 1437 . . . bars a conviction for first or second degree murder under a natural and probable consequences theory. Except for felony murder, section 188[, subdivision] (a)(3) makes personally possessing malice aforethought a necessary element of murder. Natural and probable consequences liability for murder contains no such requirement." (*Id*. at p. 846.)

Here, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(21), which imposes a sentence of death or life without the possibility of parole for a murder involving the discharge of a firearm from a motor vehicle. (*Curiel*, *supra*, F055935.) To find the special circumstance true, the jury was required to find petitioner either (1) was the actual killer and intended to kill the victim, or (2) aided and abetted in the commission of first degree murder with the intent to kill. (§ 190.2, subds. (a)(21), (c).) Section 190.2, subdivision (a)(21) applies where:

> "[t]he murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the *intent to inflict death*." (Italics added.)

12.

The jury also found true a special circumstance pursuant to section 190.2, subdivision (a)(22), which imposes a sentence of death or life without the possibility of parole for a murder involving the defendant's active participation in a criminal street gang. (*Curiel*, *supra*, F055935.) To find this special circumstance true, the jury likewise had to find petitioner either (1) was the actual killer and intended to kill the victim, or (2) aided and abetted in the commission of first degree murder with the intent to kill. (§ 190.2, subds. (a)(22), (c).) Section 190.2, subdivision (a)(22) applies where:

> "[t]he defendant *intentionally killed the victim* while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang." (Italics added.)

Where the defendant is not the actual killer, these special circumstances apply only if the defendant, "with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree." (§ 190.2, subd. (c); accord, *People v. Fayed* (2020) 9 Cal.5th 147, 201-202.) When read together, these provisions make clear that only " 'one who intentionally aids or encourages a person in the deliberate killing of another,' " in the manner or for the reasons described by the statute, is subject to the special circumstances punishment. (*Fayed*, at p. 202; accord, *People v. Allison* (2020) 55 Cal.App.5th 449, 460.) For the jury to find both special circumstances true, the jury was required to conclude petitioner had the intent to kill. Therefore, the special circumstance findings establish the jury made the findings necessary to sustain a murder conviction under section 189, as amended by Senate Bill No. 1437. Petitioner is therefore ineligible for resentencing relief as a matter of law.

### B. Attempted Murder Convictions

Petitioner lastly contends he is entitled to resentencing on his attempted murder convictions because he was convicted without a showing he intended to kill all the

13.

victims within the "kill zone." Petitioner did not seek resentencing on his attempted murder convictions in the trial court and raises this issue for the first time on appeal.

Section 1170.95 has been amended, effective January 1, 2022, to expressly permit resentencing of persons convicted of attempted murder under certain circumstances. (Sen. Bill No. 775; Stats. 2021, ch. 551, §§ 1-2.) The bill clarified "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775; Stats. 2021, ch. 551, § 1, subd. (a).)

However, due to the procedural posture of this case, we decline to address petitioner's eligibility for resentencing on his attempted murder convictions because he has not filed a petition for resentencing on these counts in the trial court. It is for the trial court to determine in the first instance whether petitioner has stated a prima facie case of entitlement to relief under section 1170.95, subdivision (c). Petitioner retains any remedies available to him in the trial court.

## DISPOSITION

The order denying petitioner's section 1170.95 petition is affirmed.